IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KAREN GUENIOT-KORNEGAY**                                                      **PLAINTIFF**

v.                                                                    No. 3:10cv429-TSL-MTP

**BLITZ U.S.A., INC., ET AL.**                                                    **DEFENDANTS**

## ORDER

This matter is before the court on the Plaintiff's Motion [214] to Enforce Discovery Against Defendant Wal-Mart Stores, Inc. The court, having considered the submissions of the parties, the arguments of counsel during the telephonic motion hearing, and the applicable law, finds that Plaintiff's Motion [214] should be granted in part and denied in part.

In her Motion, Plaintiff seeks an order compelling Defendant Wal-Mart Stores, Inc. to produce Ryan Underwood, its Rule 30(b)(6) witness, for deposition again, "this time fully and properly prepared . . . to be deposed about Wal-Mart's knowledge on topics 2, 4, 8, 9 and 15 of the 30(b)(6) Notice." Memo. [215] at 3. Plaintiff alleges that Mr. Underwood was unprepared and/or unwilling to testify as to these topics and that counsel for Wal-Mart instructed him not to answer questions about Wal-Mart's knowledge of facts "vaguely making blanket objections of work product and privilege." *Id.*

Wal-Mart contends that Plaintiff's motion is meritless and that Mr. Underwood was adequately prepared to discuss the topics at issue. Wal-Mart further argues that in her request for relief, Plaintiff seeks to depose Mr. Underwood on topics not included in the deposition notice.

This case arises out of the injuries and subsequent death of Dylan Kornegay allegedly caused by the explosion of a Blitz gas can sold by Wal-Mart. Plaintiff alleges that the gas can

was defective because it was designed without a flame arrestor to prevent it from exploding.  In its Response [227] in opposition to the Motion [214], Wal-Mart points out that it is a retailer, not a manufacturer, of portable consumer gas cans, and that under Mississippi law, a retailer is liable for a defective product if it (i) exercised substantial control over the product's design, testing, manufacture, packaging or labeling; (ii) altered or modified the product; or (iii) had knowledge of the defect of the product.  *See* Miss. Code. Ann. § 11-1-63.  Plaintiff argues that it is of critical importance that Wal-Mart produce a fully-prepared designee to testify as to the topics at issue herein in order to discover facts as to Wal-Mart's knowledge of the product defect and its participation in the product design.

The court agrees with Plaintiff that the topics listed below are reasonably calculated to lead to the discovery of admissible evidence.  Moreover, as pointed out by Plaintiff, Wal-Mart did not object to the topics set forth in the designation prior to the objections during the deposition.  The court addresses the topics at issue below.

A corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters."  *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (internal citations and quotations omitted).  The persons designated by a corporation "must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  Under Rule 30(b)(6), "a corporate designee does not testify as to his personal knowledge or perceptions."  *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (internal citations and quotations omitted).  "Rather, he

2

testifies vicariously, for the corporation, as to its knowledge and perceptions." *Id.* The corporation "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos*, 469 F.3d at 433 (internal citations and quotations omitted).

      Topic 2 - Lawsuits

      Topic 2 of the Notice seeks testimony on the following:

> All lawsuits where it has ever been alleged that a gasoline can sold by Wal-Mart exploded and/or should have been equipped with a flame arrestor *including but not limited to* the identify (sic) of those injured, the factual scenario giving rise to the injuries, the age of the person injured, the design defects alleged, the outcome and identity of any parties conducting a cause and origin investigation and any testing performed by any party and/or expert reports provided by any party with regards to the gasoline can at issue.

*See* Ex. A to Motion [214-1] (emphasis added).

      Plaintiff's motion is granted in part and denied in part with respect to topic two. The court finds that while topic two is relevant and reasonably calculated to lead to the discovery of admissible evidence, it is unlimited in time and far too broad. For instance, it contains the phrase "including but not limited to[,]" which leaves the deponent to guess as to the scope of the questioning.

      Wal-Mart has made a reasonable effort to comply with its duty in preparing its designee for this topic. Wal-Mart created a list of past lawsuits fitting the description in topic two containing a summary of information, including the date of the lawsuit, the date of the incident, the court information, a description of the incident, the injuries involved, and the alleged defect. *See* Ex. C to Motion [214-3]. However, Wal-Mart did not comply with the portion of the topic

requesting expert reports and did not object to the topic prior to the deposition.

During the telephonic hearing and in the motion, Plaintiff argued that these expert reports are useful to show what information Wal-Mart had regarding explosions that may occur with respect to consumer gas cans. Plaintiff thus desires the reports and the approximate date they were received by Wal-Mart. This information can be provided without re-convening the deposition.

Wal-Mart shall produce copies of all expert reports within its possession, custody or control, along with a statement, under oath, as to the approximate date it received the reports. The expert reports should be limited to the reports that were produced and served by any party (including Wal-Mart) relating to the consumer gas cans from January 1, 2000 to April 1, 2010.[1]

Wal-Mart voices its concerns of revealing privileged or work-product protected information if its designee were to testify in detail about actions taken by its counsel in defending prior and ongoing lawsuits. The court recognizes that deposition questions about the expert reports beyond the date they were received by Wal-Mart could possibly invade the attorney-client privilege or work-product protected information. However, this is easily avoided by Wal-Mart simply producing the expert reports with the limitations described above along with a written statement as to when Wal-Mart received the reports.

As noted by Plaintiff, facts are not protected by the attorney-client privilege or the work-product doctrine. Likewise, the underlying facts are not privileged strictly because they were provided to the deponent by counsel. *See Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of*

---

[1] The approximate ten-year period prior to the accident or incident at issue.

*Equifax Servs., Inc*., 120 F.R.D. 504, 509 (W.D. La. 1988) (quoting 8 Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)) (stating that "courts have consistently held that the work-product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery").

>  Topic 4 - Wal-Mart's knowledge and/or communications regarding flame arrestors and/or exploding gas cans.

Plaintiff's motion is denied with respect to topic four. The court finds that Mr. Underwood was adequately prepared to address this topic and answered the majority of the questions. The fact that Plaintiff disagrees with Mr. Underwood's testimony or questions the veracity of his answers is not a sufficient basis to re-depose him. Moreover, the expert reports Wal-Mart is ordered to produce further address this topic.

>  Topic 8- Wal-Mart's knowledge of testing regarding gasoline cans exploding including those tests conducted by the United States Federal Government and Experts in gasoline container lawsuits against Blitz and Wal-Mart.

Plaintiff's motion is granted in part and denied in part with respect to topic eight. The court finds that Mr. Underwood was adequately prepared to address this topic and answered questions related to this subject matter. As with topic four, the fact that Plaintiff does not agree with Mr. Underwood's testimony or questions the veracity of his answers is not a sufficient basis to re-depose him. However, Wal-Mart's attorney instructed Mr. Underwood not to disclose anything about what was received in litigation when he was asked when Wal-Mart received videos of tests showing gas cans exploding conducted by a plaintiff's expert in a prior case. *See*

Ex. B to Motion [214-2], 391:1-18.  As stated above, facts are not protected by the attorney-client privilege or the work-product doctrine, and the underlying facts are not privileged strictly because they were provided to the deponent by counsel.  *See Nutmeg*, 120 F.R.D. at 509.  Wal-Mart's objection to this question is generally overruled.  Wal-Mart shall produce a copy of all videos of gas cans exploding it received from a third-party or from plaintiffs in another lawsuit, limited in time from January 1, 2000 to April 1, 2010, along with a written statement, under oath, as to when it received the videos.

Topic 9 - Steps taken by Wal-Mart to sell a (sic) gasoline cans containing a flame arrestor.

Plaintiff's motion is denied with respect to topic nine.  The deponent addressed questions on this topic sufficiently.  This case involves a portable consumer gas can.  Wal-Mart need not re-appear for deposition to answer questions about safety cans.

Topic 15 - Communications with Blitz U.S.A. regarding any safety issues and/or possible design changes to any gasoline container.

Plaintiff's motion is denied with respect to topic fifteen for the same reasons set forth above under topic four.   Further, the court agrees that Mr. Underwood was not required to contact or interview every former buyer for Wal-Mart in preparation for the deposition or to prepare in a manner of Plaintiff's choosing.  As pointed out by Wal-Mart, it has identified the buyers and Plaintiff deposed a number of the other buyers in this case.

IT IS, THEREFORE, ORDERED:

1. That the Plaintiff's Motion [214] to Enforce Discovery Against Defendant Wal-Mart Stores, Inc. is GRANTED in part and DENIED in part as set forth herein.

2. Wal-Mart shall produce the expert reports (for both sides) regarding the gasoline cans at issue in the lawsuits described in topic two within its possession, custody or control along with a statement, under oath, as to the approximate date it received the reports.  The expert reports should be limited to the reports that were produced and served by the parties and should be limited in time from January 1, 2000 to April 1, 2010.  These reports should be produced on or before December 17, 2012.

3. Wal-Mart shall produce a copy of all videos of gas cans exploding it received from a third-party or from plaintiffs in prior lawsuits, limited in time from January 1, 2000 to April 1, 2010, along with a written statement, under oath, as to when it received the videos.

4. Plaintiff's demand for fees, costs, or other sanctions incurred in connection with this motion is denied.  All other relief demanded in the motion is denied.

SO ORDERED AND ADJUDGED this the 5th day of December, 2012.

s/ Michael T. Parker
United States Magistrate Judge