IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KAREN GUENIOT-KORNEGAY**                                 **PLAINTIFF**

**v.**                                                                               **No. 3:10cv429-TSL-MTP**

**BLITZ U.S.A., INC., ET AL.**                                     **DEFENDANTS**

**ORDER**

This matter is before the court on the Plaintiff's Motion [272] for Leave to Designate Rebuttal Experts. Having considered the submissions of the parties, the court finds that the motion should be denied.

On December 7, 2012, Wal-Mart designated six expert witnesses, including Roy Deppa and Nicholas Marchica - two engineers formerly employed by the Consumer Products Safety Commission (CPSC).  In her Motion [272], Plaintiff seeks leave to designate one or more rebuttal experts to address the issues raised in the report prepared by Deppa and Marchica, which essentially concludes that the government's failure to regulate portable gas cans is proof that they are not dangerous.

Because the designation of rebuttal experts is not addressed in the court's case management order, Plaintiff argues that she is entitled to designate rebuttal experts on or before January 7, 2012, pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), which provides:

> (D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
> . . .
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(ii).

Wal-Mart opposes the motion, arguing that subsection (D)(ii) only applies when there is no court order.  Pursuant to the Amended Case Management Order [207] entered by the court, Plaintiff's deadline to designate experts was October 26, 2012.

This court has discretion to determine whether Plaintiff can make a second designation of experts for purposes of rebuttal.  *See Estate of Vaughan v. KIA Motors Am., Inc.*, No. 3:05-CV-38BS, 2006 WL 1806454, at *2 (S.D. Miss. June 29, 2006).  In the *Vaughan* case, District Judge Barbour stated, "It has long been the practice in this Court, under the authority of Rule 26(a)(2)(C) [now Rule 26(a)(2)(D)], to set a deadline in the case management order for plaintiff's designation of expert(s) and a deadline for defendant's designation of expert(s) thirty days after plaintiff's deadline."  *Id*.  Judge Barbour further stated,

> The Court can foresee very few situations when a rebuttal witness designation would be necessary. In the vast majority of cases, a plaintiff has no reason to designate a new rebuttal expert after the defendant's expert is designated. Ordinarily, where rebuttal expert testimony is necessary, a plaintiff will choose to use the same expert that plaintiff originally designated to rebut the defendant's expert, in which case a new designation is unnecessary. Under these circumstances, the plaintiff's expert can simply supplement his report as required by Rule 26(e)(1). Only when the defendant's expert raises new issues in his report that were not raised in the plaintiff's expert's report and the plaintiff must call a new expert to rebut that information is there a need for a rebuttal expert designation.

*Id.*

Here, Plaintiff has failed to show that a rebuttal expert is necessary to address new issues not raised in the Plaintiff's original expert report.  Moreover, as pointed out by Wal-Mart, the designation of a rebuttal expert would likely require the discovery and motion deadlines to be

2

extended in order for Wal-Mart to depose Plaintiff's additional experts and file appropriate motions.[1]  The case management order has been amended numerous times.  Further extensions to accommodate a round of rebuttal witness designations is simply not warranted at this stage of the proceedings.  Accordingly,

    IT IS, THEREFORE, ORDERED:

    Plaintiff's Motion [272] for Leave to Designate Rebuttal Experts is denied.

    SO ORDERED AND ADJUDGED this the 28th day of December, 2012.

                                                 s/ Michael T. Parker
                                               United States Magistrate Judge

---

[1] The parties have been reminded on numerous occasions that they have received the maximum possible extensions for this trial calendar and were urged to govern themselves accordingly.