IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KAREN GUENIOT-KORNEGAY**                                                                 **PLAINTIFF**

v.                                                                              No. 3:10cv429-TSL-MTP

**BLITZ U.S.A., INC., ET AL.**                                                              **DEFENDANTS**

**ORDER**

This matter is before the court on the Motion [276] to Compel filed by Discovery Plastics, L.L.C.  The court, having considered the submissions of the parties and the applicable law, finds that the Motion [276] should be denied.

In its Motion [276], Discovery Plastics seeks an order compelling Plaintiff to fully respond to its request for production propounded on November 7, 2011.  The single request states, "REQUEST NO. 1: Please produce a copy of all documents which show payments made to Will Bailey from the Office of Breneman Dungan, LLC."   Plaintiff's response states:

> Plaintiff objects to this Request on the grounds that it seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of evidence that is admissible in this lawsuit. Subject to and without waiving these objections, the attached check stubs reflect the only two payments made to William Bailey in this case, in the amounts of $135.89 and $1,125.00. These payments were made pursuant to Plaintiff's counsel's agreement to compensate Mr. Bailey for his out-of-pocket expenses ($135.89) and lost time ($1,125.00), including two days of missed work, to prepare and appear for his deposition in this case.

*See* Ex. 1 [276-1].  Discovery Plastics believes that Plaintiff's counsel made numerous prior payments to Bailey, a former Blitz employee, in excess of $25,000, which it urges are relevant as they demonstrate Bailey's bias and interest in the matter.

In opposition to the motion, Plaintiff claims the motion should be dismissed as untimely pursuant to Local Rule 7(b)(2)(B).  In addition, Plaintiff argues that Discovery Plastics has

received the information sought from William Bailey during his deposition; thus, the request is cumulative and duplicative.

Discovery motions must be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(B); *see also Applewhite v. United States*, No. 3:07-cv-162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008). Discovery Plastics' Motion to Compel [276] should be denied as it fails to comply with Local Rule 7(b)(2)(B). Discovery Plastics filed its motion just two days prior to the extended discovery deadline of December 21, 2012.[1] Thus, the untimely filing did not allow for the briefing to be complete prior to the discovery deadline, and certainly did not allow ample time for the court to rule on the motion and the parties to effectuate the court's order prior to the discovery deadline. *See* L.U. Civ. R. 7(b)(2)(B). For these reasons alone, the motion should be denied.

Despite the motion's untimeliness, the motion appears to be moot. Mr. Bailey testified during his deposition the amount of money he received from Plaintiff's counsel. Accordingly,

IT IS, THEREFORE, ORDERED:

That the Motion [276] to Compel filed by Discovery Plastics, L.L.C. is denied.

---

[1] The discovery deadline was extended to December 21, 2012, by Order [258] dated December 5, 2012.

    SO ORDERED AND ADJUDGED this the 15th day of January, 2013.

                                                     s/ Michael T. Parker
                                                     United States Magistrate Judge